IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:11-305-CMC |
| vs. | **OPINION AND ORDER** |
| Jamie Lubell Dixon, Defendant. | |

This case comes before the court on Defendant's Motion under the First Step Act of 2018. ECF No. 125. The Government filed a response in opposition. ECF No. 128. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 127.

Defendant was charged in a Superseding Indictment on April 5, 2011 with twelve counts related to distribution of cocaine and cocaine base and possession of firearms in furtherance of a drug trafficking crime. ECF No. 54. Defendant entered into a Plea Agreement to plead guilty to Count 1, conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, and entered a guilty plea on June 27, 2011. ECF Nos. 79, 81. He was sentenced on November 16, 2011 to 262 months' imprisonment and five years' supervised release. ECF No. 104.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B). *See* Pub. L. No. 111-220, 124 Stat. 2372. The First Step Act of 2018 applied these provisions of the Fair Sentencing Act retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose

a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed." *Id.* Consideration for a reduction in sentence is not available under the First Step Act "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *Id.* at §404(b).

Defense counsel argues Defendant has not received the full consideration available under "the new calculus provided by the First Step Act, the Fair Sentencing Act, and the resulting changes in the sentencing guideline calculus for crack cocaine." ECF No. 125 at 2. He contends the base offense level for the amount of drugs Defendant was held responsible for has changed, and this is a covered change under the First Step Act because "it is a direct result of the drug offense changes brought about by the Fair Sentencing Act of 2010." *Id.* However, § 404 of the First Step Act makes clear this is not the case: defendants are only eligible for relief if their statutory penalty changed. Further, Defendant was already sentenced under the Fair Sentencing Act of 2010, as he was indicted, pled guilty, and was sentenced in 2011. His sentence was therefore imposed "in accordance with the amendments" of the Fair Sentencing Act, and he is ineligible for a reduction pursuant to the First Step Act.

Accordingly, Defendant's motion for relief under the First Step Act (ECF No. 125) is denied.

**IT IS SO ORDERED**.

                                              s/Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              Senior United States District Judge

Columbia, South Carolina
September 9, 2019